# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **STAN BOWEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:12-CV-3749-VEH** |
| ) | |
| **GOODYEAR TIRE & RUBBER** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION AND PROCEDURAL HISTORY

This case originated in the Circuit Court of Etowah County, Alabama.  (Doc. 1-1 at 3).  On October 30, 2012, Defendant Goodyear Tire & Rubber Company, Inc. ("Goodyear") removed the lawsuit to this court on the basis of federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA") and the doctrine of complete preemption.  (Doc. 1 ¶¶ 9, 10).  On January 4, 2013, the court confirmed that it had subject matter jurisdiction over this dispute and denied Plaintiff Stan Bowen's ("Mr. Bowen") request to remand the case.  (Doc. 12).

Currently pending is Goodyear's Motion for Summary Judgment (Doc. 13) (the "Motion") filed on June 18, 2013.  The court has reviewed the parties' respective

supporting and opposing materials.  (Docs. 14-15, 20-22, 26).  For the reasons

explained below, the  Motion is due to be granted in part as modified herein and

otherwise denied.

## II.    FACTUAL BACKGROUND[1]

Goodyear is a tire manufacturer with facilities throughout the United States.

AF No. 1.1.[2]  Goodyear owns and operates a tire manufacturing plant in Gadsden,

---

[1]  Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact.  *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007).  Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[2]  The designation "AF" stands for admitted fact and indicates a fact offered by Goodyear that Mr. Bowen has admitted in his written submissions on summary judgment, in his affidavit testimony, or by virtue of any other evidence offered in support of his case.  Under appendix II of the court's uniform initial order (Doc. 5) entered on November 1, 2013, "[a]ll statements of fact must be supported by specific reference to evidentiary submissions."  (*Id.* at 16).  For Mr. Bowen, more specifically, this means that "[a]ny statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based."  (*Id.* at 17).  Consequently, whenever Mr. Bowen, without referring to any evidence (*see generally* Doc. 20-1 at 3-8), has inadequately asserted a dispute over a fact that Goodyear has otherwise substantiated with an evidentiary citation, the court has reviewed the cited evidence and, if it in fact fairly supports Goodyear's factual assertion, has accepted Goodyear's fact.  On the other hand, whenever Mr. Bowen has adequately disputed a fact offered by Goodyear, the court has has reviewed the evidence cited by Mr. Bowen and, if it in fact fairly supports Mr. Bowen's factual assertion, has accepted Mr. Bowen's version. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of Goodyear's statement of undisputed facts as set forth in Doc. 14 and responded to by Mr. Bowen in Doc. 20-1.  A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 1.2) indicates that the second sentence of paragraph 1 of Goodyear's statement of undisputed facts is the subject of the court's citation to the record.  Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

Alabama.  AF No. 1.2.

Mr. Bowen was employed by Goodyear at its Gadsden, Alabama plant beginning on June 20, 1977.  AF No. 2.1.  He sustained an injury to his back on August 7, 2003, which is the last day he worked at Goodyear.  AF No. 2.2.

Goodyear has established a pension program (the "1950 Plan") for the benefit of its employees, including Mr. Bowen.  (Doc. 15-2 at 2-85).[3]  The 1950 Plan expressly provides that any application for pension benefits must be in writing.  (Doc. 15-1 at 3 ¶ 3).[4]  More specifically, the 1950 Plan contains the following administrative provision:

> Each application for a pension or other benefit payable under the Plan, each election of any Option provided for by the Plan, and each designation of a Beneficiary of a Contingent Annuitant provided for by the Plan, shall be <u>in writing</u> on a form provided by the Pension Board and shall be made <u>to the Pension Board</u> or to such representative as it may designate.

(Doc. 15-2 at 11 ¶ 7 (emphasis added)).

Goodyear has designated the following individuals and groups to act on behalf of the 1950 Plan:  (i) its Benefits Review Committee; (ii) its Pension Administration personnel, which currently includes Duane Myatt, Gary Dannemiller, and Walter

---

[3] The page references to Doc. 15-2 correspond with the court's CM/ECF numbering system.

[4] The page references to Doc. 15-1 correspond with the court's CM/ECF numbering system.

3

Lutz; and (iii) the Xerox Pension Administration ("Xerox Pension") employees, which group currently consists of Ruth Moss, Sharon Wyatt, Vickie Parsons, Ellen Stokes, Susan Hale, Candy Hoaglin, and Kelly Denny. (Doc. 15-1 at 3 ¶ 4). Xerox Pension Administration handles the day to day administration of Goodyear's pension plans under the guidance of Goodyear's Pension Administration Group. *Id.*

On August 4, 2004, Mr. Bowen applied for a disability pension under the 1950 Plan by completing and submitting an application to the Pension Board. (Doc. 15-1 at 4 ¶ 5); (*see also* Doc. 15-3 at 2-5).[5] The application listed August 1, 2004, as the effective date of Mr. Bowen's retirement from Goodyear. (Doc. 15-3 at 2).

Goodyear's Pension Department deemed Mr. Bowen eligible for a disability pension on August 12, 2004. (Doc. 15-1 at 4 ¶ 6). Mr. Bowen's disability pension was then calculated, submitted to, and finally approved by the Pension Board. *Id.*

On March 28, 2005, Mr. Bowen initiated a lawsuit against Goodyear for worker's compensation benefits in the Circuit Court of Etowah County, Alabama relating to his back injury. AF No. 7.1. The case number was CV-2005-000435. AF No. 7.2.

The court in the worker's compensation case awarded Mr. Bowen permanent and total disability benefits on August 15, 2007. AF No. 8.1. The bench verdict

---

[5] The page references to Doc. 15-3 correspond with the court's CM/ECF numbering system.

issued by the court expressly stated that Goodyear could offset the worker's compensation award with the disability pension payments.   AF No. 8.2.

On August 14, 2011, Mr. Bowen reached age 55, which is the age Goodyear employees become eligible for a deferred vested pension under the 1950 Plan.  AF No. 9.  Mr. Bowen has never submitted an application for a deferred vested pension and continues to receive disability pension benefits under the 1950 Plan.  (Doc. 15-1 at 4 ¶ 7).  Further, Goodyear contends that once Mr. Bowen "retired and chose a form of pension payment, that form of payment could not be changed."  (Doc. 14 at 4 ¶ 11; *id.* at 4-5 ¶ 12); AF No. 12-2.

Mr. Bowen counters that Goodyear's human resources department previously had represented to him "that he could have his disability retirement converted to regular retirement upon his reaching age 55 in August of 2011 . . . " but that he has been wrongfully refused such a requested conversion by Goodyear's human resources department and Howard Warren ("Mr. Warren"), the attorney who represented Goodyear in Mr. Bowen's worker's compensation case.  (Doc. 21-1 at 5 ¶ 10).  Mr. Bowen further states that Goodyear never has provided him with a copy of an application for deferred pension benefits until it was produced as part of Goodyear's evidentiary submission in support of its Motion.  (Doc. 21-1 at 7 ¶ 13).

## III.   STANDARDS

### A.   Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R . Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'"  *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

### B.   Administrative Exhaustion Under ERISA

Ordinarily, if a plan participant failed to take advantage of an available administrative appeal by pursuing it in compliance with a reasonable filing deadline, she has failed to exhaust her administrative remedies and that bars federal court review of her claim. *See, e.g., Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997); *Gallegos v. Mt. Sinai Med. Ctr.*, 210 F.3d 803, 809-10 (7th Cir. 2000); *Terry v. Bayer Corp.*, 145 F.3d 28, 40-41 (1st Cir. 1998)….

The administrative exhaustion requirement is not found in the

ERISA statute itself. Instead, it is a court-imposed, policy-based requirement first recognized by this Circuit in *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1226-27 (11th Cir. 1985). We created the administrative exhaustion requirement, and we are still in the process of shaping it insofar as new factual scenarios are concerned. *See generally HCA Health Serv. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 992 (11th Cir. 2001); *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1311, 1315-18 (11th Cir. 2000); *Counts*, 111 F.3d at 108-09; *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992); *Harrison v. United Mine Workers of Am.1974 Benefit Plan & Trust*, 941 F.2d 1190, 1193 (11th Cir. 1991); *Springer v. Wal-Mart Assocs. Group Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990); *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir.1990), *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1314 (11th Cir. 2001); *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034, 1035 (11th Cir. 1989); *Mason*, 763 F.2d at 1226-27.

*Watts v. BellSouth Telecommunications, Inc.*, 316 F.3d 1203, 1207-08 (11th Cir. 2003).

## III.   ANALYSIS

### A.   Goodyear's Administrative Exhaustion Defense

Goodyear contends in its Motion that it is entitled to summary judgment because Mr. Bowen failed to exhaust his administrative remedies under the 1950 Plan. As Goodyear more specifically articulates in its initial brief:

The plaintiff submitted an application for a disability pension to Goodyear's Pension Board on August 4, 2004, which the Pension Board approved. (Dannemiller Aff. ¶ 5.) In 2011, the plaintiff apparently decided that he wanted to transfer to a deferred vested pension because

7

these benefits would not offset the worker's compensation benefits he was also receiving from Goodyear. Instead of submitting an application for a deferred vested pension to the Pension Board, the plaintiff asked Howard Warren, who represented Goodyear in the plaintiff's worker's compensation case, if he could transfer from a disability pension to a deferred vested pension.

The 1950 Pension Plan expressly states that any application for pension benefits "shall be in writing on a form provided by the Pension Board and shall be made to the Pension Board or to such representative as it may designate". (Ex. 1 to Dannemiller Aff., p. 10, ¶ 7.) It is undisputed that the plaintiff did not submit an application for a deferred vested pension as required by the Plan. There is also no dispute that Howard Warren has not at any time been designated by the Pension Board to act as its representative nor did the Pension Board have any knowledge of any possible discussions that Howard Warren might have had concerning the 1950 Pension Plan. (Dannemiller Aff. ¶ 4.) Because the plaintiff did not submit an application for a deferred vested pension to Goodyear, he failed to exhaust the administrative remedies provided by the Plan. *See, e.g., Bickley*, 461 F.3d at 1330 (affirming district court's dismissal with prejudice of plaintiff's ERISA claims for failure to exhaust administrative remedies); *Harrison v. United Mine Workers of America 1974 Benefit Plan & Trust*, 941 F.2d 1190, 1192 (11th Cir. 1990)(affirming summary judgment on plaintiffs' ERISA claims for failure to exhaust administrative remedies because "[i]t is undisputed by the parties that the appellants failed to take the most rudimentary administrative steps to obtain their benefits. The appellants never submitted applications for benefits to the Plan...").

(Doc. 14 at 7-8).

In opposing Goodyear's Motion, while Mr. Bowen generally agrees that an ERISA plaintiff must exhaust available administrative remedies, citing to *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897 (11th Cir. 1990), he

nevertheless maintains that he falls into an exception to ERISA's administrative exhaustion requirement because he can show that "an administrative appeal would be futile or the remedy inadequate." (Doc. 20-2 at 2-3).

As this court explained the character of Mr. Bowen's complaint when determining that his state court initiated lawsuit was subject to complete ERISA preemption and denying his Motion To Remand:

> A review of Mr. Bowen's complaint reveals that he has asserted claims for fraud in the inducement, outrage, intentional infliction of emotional distress, and outrage in the willful and intentional withholding of regular retirement benefits. (Doc. 1-1 at 3, 5, 6, 7). Additionally, while Mr. Bowen does reference the status of his worker's compensation benefits within his complaint, he does not assert a statutory claim for benefits (or for retaliation) under the Alabama Workers' Compensation Act, Ala. Code § 25-5-1, *et seq.*

> Instead, the gravamen of Mr. Bowen's allegations contained in his lawsuit stem from the alleged wrongful loss of his regular retirement benefits. (*See, e.g.*, Doc. 1-1 ¶ 2 at 3 (complaining that a Goodyear representative told Mr. Bowen that "when he reache[d] age 55, he could apply for regular retirement benefits and get those full benefits" and that his "disability retirement benefits would cease at that point because he could not get disability retirement at the same time he got regular retirement"); Doc. 1-1 ¶ 4 at 6 ("Accordingly, Plaintiff desires his regular retirement weekly benefits beginning as of August of 2011, but the defendant Goodyear has not paid same and refuses to pay same and refuses to continue to pay Plaintiff his full weekly permanent total benefits, pursuant to the law of Alabama."); *id.* ¶ 2 at 6 (maintaining that Goodyear's "aforesaid wrongful misconduct" constitutes "the tort of intentional infliction of emotional distress"); *id.* ¶ 2 at 7 (contending that Goodyear has "willfully and intentionally refused to allow Plaintiff Stan Bowen to receive his regular retirement benefits, also known as vested

9

pension, also known as deferred vested pension . . . .")); *cf. Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) (Steele, J.) ("The plaintiff has indeed demanded recovery of worker's compensation benefits, but he has done so under the rubric of common-law claims of outrage and negligence, not under the [Alabama Workers' Compensation] Act itself.").

(Doc. 11 at 9-10 (footnotes omitted) (emphasis added)).

Thus, the heart of Mr. Bowen's lawsuit is that he has been wrongfully denied regular retirement benefits under the 1950 Plan–undoubtedly an ERISA-covered claim. However, absent from his state court complaint (which has never been amended) is any allegation that Mr. Bowen has exhausted his administrative remedies, any recitation of facts which demonstrates that Mr. Bowen has satisfied the administrative exhaustion requirement, or any assertion that adhering to the exhaustion requirement is futile in this instance.

As the Eleventh Circuit explained when it upheld the district court's administrative exhaustion ruling in *Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040 (11th Cir. 1995):

Count I is a straight-forward claim under ERISA for the benefits under the plan. Variety, however, neither pleaded nor recited facts showing that it had exhausted its administrative remedies under the plan.

We have repeatedly held that plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir.1992); *Springer v. Wal-Mart Associates' Group*

*Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087, 106 S. Ct. 863, 88 L.Ed.2d 902 (1986).  The district court's dismissal of Count I <u>without prejudice</u> subject to Variety's exhaustion of its administrative remedies was not error.

*Variety Children's*, 57 F.3d at 1042 (footnote omitted) (emphasis added).

The Eleventh Circuit also observed in *Variety Children's*:

We agree with the district court that Variety's attempt to circumvent this requirement by alleging in its Corrected Amended Complaint that it had complied with "all conditions precedent" or in the alternative that "such conditions have been waived or excused" does not address the exhaustion requirement.  Furthermore, Variety also <u>failed to plead that exhaustion is waived because it would be futile</u>.  *See Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990).

57 F.3d at 1042 n.2 (emphasis added).

Here, Mr. Bowen's ERISA-driven complaint is similarly deficient to the pleading of the plaintiff in *Variety Children's* because of its silence about the status of administrative exhaustion.  Further, to the extent that Mr. Bowen contends that this court should consider his futility contentions contained in his responsive brief, the Eleventh Circuit has made it clear that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment."  *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citing *Shanahan v. City*

*of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)).[6]

_____

[6]  The court notes that *Gilmour* dealt with a plaintiff who was attempting to assert a new claim at the summary judgment stage. *Gilmour*, 382 F.3d 1314-15. To the extent that *Gilmour* is not directly on point as to the type of amendment sought here by Mr. Bowen, the court finds that the opinion should, nonetheless, persuasively apply in this instance, especially given *Variety Children's* holding that a plaintiff must adequately address administrative exhaustion <u>in his pleadings</u> when his claim arises under ERISA.

Additionally, a more recent decision by the Eleventh Circuit cites to *Gilmour* and confirms that a district court's consideration of <u>any critical amendment</u> asserted merely as part of the briefing process is disfavored:

> The current practice in some district courts—especially in the summary judgment setting—is to ignore what the respective parties alleged in their complaint and answer and to consider their claims and defenses as depicted in the memoranda they filed in support of or in opposition to a motion for summary judgment. As is the situation here, the claims and defenses presented in the memoranda supporting or opposing summary judgment are not presented in the complaint and answer with the specificity required by the Federal Rules of Civil Procedure and the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); rather, they are presented in a shorthand fashion. The result is that on appeal we have difficulty in determining whether the district court, in granting summary judgment, ruled on the claims and defenses as stated in the complaint and answer or as stated in the memoranda submitted to the court on summary judgment, as if the pleadings had been amended by implied consent.

> We encountered this dilemma most recently in *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012), cert. denied, ⸺ U.S. ⸺, 133 S. Ct. 856, 184 L. Ed.2 d 656 (2013). <u>There, in their motion for summary judgment, the plaintiffs sought to eliminate a critical deficiency in the allegations of their amended complaint by including additional facts.</u> The defendants did not object to this tactic on the ground that the plaintiffs were, in effect, seeking to amend their complaint. And the district court, in ruling on the sufficiency of the complaint, appeared to have considered the additional facts as if they had been alleged in the complaint. In affirming the district court's dismissal of the claim at issue, <u>we refused to consider these additional facts, citing precedent that precludes a plaintiff from amending its complaint "through argument at the summary judgment phase of proceedings."</u> *Id.* at 1258 n. 27. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

Therefore, guided by *Variety Children's*, *Gilmour*, and *Flintlock*, Goodyear's Motion is due to be granted with respect to its defense of administrative exhaustion, but the appropriate relief to award will be a <u>without</u> prejudice dismissal as opposed to a with prejudice one, which is what Goodyear expressly requests in its Motion. (*See* Doc. 13 at 1 ("Goodyear respectfully request[s] that this Court enter summary judgment in its favor on all of the Plaintiff's claims and dismiss this case against Goodyear with prejudice.")).

### B.    Goodyear's 1950 Plan-Related Defense

In its reply, Goodyear belatedly raises the defense that Mr. Bowen is not eligible for a deferred vested pension under the unambiguous language of the 1950 Plan.  (Doc. 26 at 7-8).  Eleventh Circuit binding authority leaves no room for doubt that such a belated effort on Goodyear's part is procedurally ineffective on summary judgment:

---

This court's precedent foreclosed Well–Come's attempt to amend its complaint at the summary judgment stage without seeking leave of court pursuant to Rule 15(a)(2).   Accordingly, the District Court should have disposed of Well–Come's claim with a statement that Well–Come failed to establish that ASRRG and ASIS issued a commercial general liability policy and excess/umbrella liability policy to Flintlock LLC, as alleged in paragraphs 6 and 7 of its complaint. We affirm the court's judgment on that ground.  *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir.2010) ("This court may affirm a decision of the district court on any ground supported by the record.").

*Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1227-28 (11th Cir. 2013) (emphasis added).

13

> First and foremost, Plaintiffs do not point out, and we cannot find, where they raised this argument before the district court in defense of the NFL's summary judgment motion.  Moreover, in their initial brief on appeal, Plaintiffs refer to the fact that the NFL is not a signatory to the CBA in only two ambiguous sentences.  They do not appear to argue that preemption should not apply to the NFL because it is not a signatory to the CBA <u>until their reply brief</u> and at oral argument. That is too late. For these reasons, <u>we do not address this belated contention</u>. *See World Holdings, LLC v. Fed. Republic of Ger.*, 613 F.3d 1310, 1317 n. 12 (11th Cir. 2010) (claim raised for the first time on appeal); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 n.4 (11th Cir. 2010) (claim raised for the first time in a reply brief).

*Atwater v. National Football League Players Ass'n*, 626 F.3d 1170, 1177 (11th Cir. 2010) (footnotes omitted) (emphasis added).

Alternatively, the brevity in which this contention is presented by Goodyear, including the absence of any cited case authority, means that it is substantively underdeveloped.  *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Accordingly, Goodyear's Motion is due to be denied with respect to this second ground.

14

## IV.   CONCLUSION

In sum, the Motion is due to be granted in part as modified above and otherwise denied.  The court, consistent with *Variety Children's*, will enter a separate order dismissing Mr. Bowen's lawsuit <u>without</u> prejudice on the basis of ERISA's administrative exhaustion requirement.

**DONE** and **ORDERED** this the 10th day of October, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

15